**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1901-AGF |
| | ) | |
| CO1, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by self-represented plaintiff Joseph Michael Devon Engel, an incarcerated person at Missouri Eastern Correctional Center ("MECC"). For the reasons explained below, the Court will allow plaintiff to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $1.00. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

At the time he filed the complaint, plaintiff neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. In the complaint, however, he writes: "Application to Proceed in District Court without prepaying Fees & Cost."  He states that he earns only $5.00 per month. The Court liberally construes plaintiff's statements in the complaint as a request for leave to proceed without prepaying fees or costs, or in other words, to proceed *in forma pauperis*. Having considered plaintiff's statements, the Court will allow him to proceed *in forma pauperis* in this action.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his complaint, plaintiff states he earns $5.00 per month. Accordingly, the Court will assess an initial partial filing fee of $1.00, which is twenty percent of his average monthly earnings. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of

the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

### The Complaint

Plaintiff's complaint is handwritten on four sheets of notebook paper. It includes a case caption identifying the name of this Court, plaintiff's name, the case number, and the title "Prisoner Civil Rights Complaint Under 42 U.S.C. 1983." (ECF No. 1 at 1).[1] The second page of the

---

[1] Plaintiff repeatedly identifies himself as a sovereign citizen, and he states he is a civilly-committed detainee. However, review of publicly-available records shows he is actually a convicted and sentenced Missouri state prisoner.

complaint contains a list identifying the following unnamed individuals as defendants: Correctional Officer ("CO") 1, CO2, Sergeant, Lieutenant, Captain, Corporal, Functional Unit Manager, Caseworker, Caseworker, Assistant Superintendent, Assistant Warden, Warden, ERDCC, CCA, IPO ERDCC, IPO Supervisor ERDCC, Assistant Director P&P, Director P&P, MODOC, MODOC Assistant Directors, Director, Assistant Attorney General, Lieutenant Governor, Governor, Senator, Senator, House Representative Missouri, Corizon Health Care, Corizon Director, Corizon Assistant Director, Corizon Assistant Superintendent, Corizon ERDCC, Corizon Supervisor, Corizon RN, Corizon LPN, Corizon CNA, Corizon Medical Technician, Corizon Chronic Care, Corizon Nurse Practitioner, and Corizon Doctor. Plaintiff indicates he sues the defendants in their official and individual capacities.

Plaintiff sets forth his statement of claim as follows:

I am suing each Dept. [*sic*] for the amount shown cause I am having issues Hot & Cold Flashes, Uncontrollable Shakes, [defecating] Blood clear liquid, Puking Blood clear liquid, right under Rib Cage Right Side Insides feel like they are on Fire when I [burp] & or fart or go to Bathroom it smells like Septic Tank Horrific. MODOC & Corizon should Corizon and MODOC still does nothing what so ever. I have the right to Medical Treatment these people want me to Die.  S*** Breath smells like Septic Tank.

*Id.* at 3-4. Plaintiff identifies his injuries as "Medical Problem, Vision Problem, Mental Health Problem, my life maybe, freedom." *Id.* at 1.

Next to each defendant's title, plaintiff writes the amount of monetary relief he seeks from that defendant. These amounts range from "100 Billion" dollars to "300 Trillion" dollars. *Id.* at 2. Plaintiff also asks this Court to award him "10,000,000 stocks in Oil, Lead, Coal, Zinc, Steal, Gold, Silver, Diamonds, Platinum, Aluminum, Precious Metals, Windows, Apple, Android, Allinwear, Deep Web, Dark Web, Facebook, Google, Snap Chat, Instagram, Twitter, Samsung, LG, Sony, RCA, Amazon, eBay, GE, Magnavox, Visizo, Beef, Pork, Chicken, Corn, Fruit, Vegs, Wheats, Beans, Rice . . ." and stock in more than 60 other various companies and banks. He asks the Court

to award $100 million to Jefferson County Schools and $20 million to Hillsboro School District. In addition, he lists the following items:  "(1) Tablets in Hole (2) Full clothing in Hole (3) Smoking Back in MODOC (4) MODOC Lift Restrictions on Medical so they can do their Job (5) Hiring People that don't make fun of people's medical issues." *Id.* at 2.

The complaint is one of more than 130 similar complaints plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been violated by individuals and entities such as the defendants in this case. The manner in which plaintiff prepared those complaints, and his demands for relief, are roughly the same as in the instant action. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. For complaints filed on or after December 22, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

### Discussion

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344,

1346 (8th Cir. 1995).

Although plaintiff alleges he suffers from several medical issues, his complaint is subject to dismissal. Plaintiff fails to allege facts showing that any defendant was personally involved in or directly responsible for any incidents that injured him, as required to state a claim under § 1983. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (determining that because the plaintiff did not allege the defendant was personally involved in or directly responsible for incidents that injured him, his claims were not cognizable in § 1983 action). Plaintiff has not named any defendant by name, using only their title for identification. He does not allege that any individual knew of any serious medical condition and denied him medical treatment on any particular date. The only specific information plaintiff provides regarding each defendant is the amount of money he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them). Other than a possible Eighth Amendment claim for deliberate indifference to a serious medical need, the complaint describes no other theory of recovery. Having thoroughly reviewed and liberally construed the complaint, the Court has determined it is subject to dismissal for failure to state a claim upon which relief may be granted.

The complaint is also subject to dismissal because it is frivolous. Plaintiff bases his entitlement to relief, at least in part, upon his asserted status as a "sovereign citizen." Arguments

based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in the Eighth Circuit and in other federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting a jurisdictional challenge based upon the defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented."). Plaintiff also asserts he is entitled to recover thousands of trillions of dollars in damages based upon a claim that lacks factual support, and his other demands for relief are illogical. The Court concludes that plaintiff's assertions and demands rise to the level of the irrational or the wholly incredible, and are therefore "clearly baseless" under the standard articulated in *Denton,* 504 U.S. 25.

Having considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave to file an amended complaint in this action.  The Court will therefore dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action..

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of July, 2021.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE